UNITED STATES of America, Plaintiff,

v.

14.38 ACRES OF LAND, MORE OR LESS, SITUATED IN LEFLORE COUNTY, STATE OF MISSISSIPPI, and Joseph C. Coker, III, Defendants.

No. 4:92CV121–S–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

April 25, 1995.

---

Alfred E. Moreton, III, Acting U.S. Atty., Jim M. Greenlee, Asst. U.S. Atty., Oxford, MS, for plaintiff.

Tim Waycaster, W. Edward Hatten, Jr., Waycaster & Warren, Jackson, MS, for defendants.

*OPINION*

SENTER, Chief Judge.

In this case, the defendant landowner seeks additional compensation for land allegedly affected by an easement over part of his property. A few days before trial, the plaintiff moved in limine to exclude defendant's proposed experts. On the day of trial and after full discussions with the parties, the court orally sustained the motion. This opinion more fully amplifies that ruling.

### FACTS

Joseph C. Coker, III, owns approximately 350 acres located along the Yazoo River in Leflore County, Mississippi, which is part of a tract bought by his family in 1935. The Coker property is used as the headquarters for Coker's agricultural operations and contains his home and out-buildings. The land itself is used for the farming of cotton, soybeans, and corn. In 1938, a levee was constructed by private landowners, which placed the majority of the Coker property on the outside of the levee and protected it from the rising waters of the Yazoo River.

As a part of the Upper Yazoo Project, four major flood control reservoirs were constructed in the hill areas of Mississippi east of the Delta along four major rivers whose waters form into the Yazoo River near Greenwood, Mississippi. Greenwood is in Leflore County and is on the Yazoo River upstream from Coker's property. To build one of the new levees under the project, the United States condemned an easement over 14.38 acres across the western and northern boundaries of the Coker property by filing a complaint and declaration of taking with this court on May 20, 1992. The estate taken by the United States was a perpetual and assignable right and easement to construct, maintain, repair, operate, control, and replace a flood protection levee, public roads and highways, and public utilities, reserving to the owner, his heirs, and assigns all such rights and privileges in the lands as may be used without interfering with or abridging the rights and easements acquired by the government, subject, however, to the pre-existing easements on the land. The United

States deposited with the court the sum of $12,500.00 as just compensation for the taking. Coker was the only claimant to appear and assert his interest in the determination of just compensation for the easement over the 14.38 acres taken. At a later date, the government deposited $3,150.00 as further just compensation for the property taken. The tracts taken included Tract No. 1004E–3 of approximately 9.89 acres and Tract No. 1004E–4 of approximately 4.49 acres. The construction of the new levee placed Coker's property on the inside, or unprotected, side of the levee.

The court set this matter for jury trial to begin on June 20, 1994, in Greenville, Mississippi. Prior to the trial, the United States filed a motion in limine questioning primarily the propriety of Coker's proof concerning just compensation from two experts, Rogers Varner, an engineer, and Rip Walker, a real estate appraiser and Coker himself. Accompanying the United States' motion were the depositions of Coker, Walker, and Varner and a June 6, 1994, letter from Coker's attorney to counsel for the United States. Coker filed a response opposing the government's motion in limine and also a motion in limine of his own, to which the government responded as well.

## DISCUSSION

The Fifth Amendment to the United States Constitution provides that private property shall not be taken without just compensation. U.S. Const. Amend. V; *United States v. 320.0 Acres of Land*, 605 F.2d 762, 770 (5th Cir.1979). "Just compensation includes all elements of value that inhere in the property, but it does not exceed market value fairly determined." *Olson v. United States*, 292 U.S. 246, 255, 54 S.Ct. 704, 708, 78 L.Ed. 1236 (1934). The property owner "must be made whole but is not entitled to more." *Olson*, 292 U.S. at 255, 54 S.Ct. at 708. The determination of just compensation

> is to be made in the light of all facts affecting the market value that are shown by the evidence taken in connection with those of such general notoriety as not to require proof. *Elements affecting value that depend upon events or combinations*

> *of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable, should be excluded from consideration for that would be to allow mere speculation and conjecture to become a guide for the ascertainment of value....*

*Olson*, 292 U.S. at 257, 54 S.Ct. at 709 (emphasis added).

■ An easement acquisition is a partial acquisition leaving a remainder estate in the owner, and "[i]n a [such a] taking ... the government impliedly agrees, by its complaint in condemnation, to pay for damages to the landowner's remaining land proximately caused by the taking itself, and by the use of the land taken." *United States v. 101.88 Acres of Land*, 616 F.2d 762, 767 (5th Cir. 1980). "When, in a partial taking, the landowner asks the condemnation court for damages to the remainder, the court asks whether the remainder will be less valuable as a result of the taking." *101.88 Acres*, 616 F.2d at 768–69. " 'If the taking in and of itself renders the remainder less valuable than before, the owner is entitled to additional compensation.' " *Id.* at 769 (citation omitted); *see also United States v. 33.5 Acres of Land*, 789 F.2d 1396, 1398 (9th Cir.1986) ("When the government takes only part of a person's property, and when the value of the remainder depreciates because of the proposed use on the condemned parcel, the owner is entitled to compensation both for that which is physically appropriated and for the diminution in value to the non-condemned property"). "The measure of damages is the diminution in market value of the remainder caused by the taking or the use to which the land taken is put." *Id.* As the instant parties agreed before trial, the landowner has the burden of proving these so-called "severance damages." *United States v. 760.807 Acres of Land*, 731 F.2d 1443, 1448 (9th Cir.1984).

In its motion in limine, the United States asserts that Coker's proof of damage to the remainder is based on mere speculation and conjecture. It points primarily to the testimony of Varner, Coker's expert engineer, and Walker, his expert real estate appraiser, as being without sufficient foundation under

*Daubert v. Merrell Dow Pharmaceuticals,* —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In response, Coker argues that the opinions of his experts have proper bases, and that it is for the jury to determine whose opinion testimony it believes is most credible.

 As the evidence of value to be presented by the claimant Coker is opinion evidence, it requires a reliable basis so that it will assist the trier of fact in determining the issues before it. "[T]he Rules of Evidence ... assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert,* —— U.S. at ——, 113 S.Ct. at 2798, 125 L.Ed.2d at 485. If the expert's opinion is not soundly based and is not relevant, then the opinion must be excluded. The holding of the *Daubert* Court is totally in concert with that of the *Olson* Court, which, as noted previously, held that elements affecting property value which are within the realm of possibility, but not reasonably probable, should be excluded "for that would be to allow mere speculation and conjecture to become a guide for the ascertainment of value." *Olson,* 292 U.S. at 257, 54 S.Ct. at 709.

 In this case, Varner opined that because of the construction of the new levee on the condemned property, there was "the possibility" of detriment to the remainder and "a chance" that it would flood. He further stated that one "can assume [Coker is] going to have some ponding problems," but "[w]e just don't know what damages he's going to incur due to heavy rainfall." Walker was unable to find any truly comparable property sales in forming his opinion about just compensation for the remainder, stating that the properties used in the after taking comparisons "are very difficult to compare simply because they are just such different situations." He nevertheless concluded that the remainder was worth approximately fifty percent less after the taking because the general consensus of the appraisers and brokers he spoke with was that "the perception of the buying market would be that this land had a blemish on it now." The basis of those persons' opinions was "from a common sense standpoint, that

land on the unprotected side of the levee would be more likely to have flooding problems than land on the protected side." Yet, he admitted,

> I don't know what the scope of the flooding along the Yazoo may be.... [T]here's no historical data to rely upon.... [N]obody knows what's going to happen and no amount of mathematical calculations or computers or whatever can guarantee that that's not going to happen.... [B]ut I think the main thing that he would look at is simply the fact that this land is ... inside the levee and there must be a reason for the levee being there....

> [A]nd if a person ... were looking to buy a piece of farmland and he had a choice between this property and another one that was on the protected side of the levee that he wouldn't waste his time and live with that risk of flooding happening, even though it may never happen ... [T]he perception of a buyer is that it may not flood but it might. And if I can buy a property ... that doesn't have that problem, I'm going to take it. And so I think what that does is it severely limits the market.

Having carefully considered the matter, the court finds that the government's motion in limine as to Coker's experts is well taken. Their opinions (and those which form the basis thereof) are based on events "which, while within the realm of possibility, are not fairly shown to be reasonably probable...." *Olson,* 292 U.S. at 257, 54 S.Ct. at 709. The court is aware that other courts have allowed "anticipated damages," *33.5 Acres,* 789 F.2d at 1398–99, or damages for "fear of a hazard," *760.807 Acres,* 731 F.2d at 1447, but even those courts have required "substantial data then available," *33.5 Acres,* 789 F.2d at 1399, and that the fears be "reasonable" or "founded on practical experience." *760.807 Acres,* 731 F.2d at 1447, and cite *Olson* as the touchstone for those requirements. The opinions rendered in this case are speculative and not based on reliable foundations and thus would be of no aid to the finder of fact in determining just compensation in this case. *See also Miller v. United States,* 137 F.2d 592, 595 (3d Cir.1943) ("Plaintiff's claim

of a 'mental hazard' which would serve to lower the value of his property would … appear to be based upon a fanciful and imaginative fear of too speculative and conjectural a nature to be submitted to the jury"). They are therefore excluded from evidence.

As it is the burden of the landowner to prove the diminution in value to the remainder and fair market value of the property taken, and as the United States and the landowner have agreed on the value of the 14.38 acres taken (and an uneconomic remnant) and as the court has excluded the opinions of Coker's experts, there remains no further competent evidence to consider. Coker therefore cannot meet his burden of proof in showing a further diminution in the value of his property and further proceedings in this case would be futile. The United States and Coker have stipulated that the amount of $17,134.00 is the just compensation for the actual damages for the land taken and the uneconomic remnant, and the court hereby grants just compensation for the claimant Coker in that amount.

The court reserves ruling on all other motions in limine or parts thereof which are not affected by the instant decision as they need not be reached at this time. Two additional matters must be addressed, however, before closing this opinion. One is the objections by the government to Coker's offer of proof; the other, Coker's motion to strike the objections. Although the court does not find the government's objections well taken, it does not believe they should be stricken from the record but should remain for the appellate court's consideration for whatever value they may have, if any.

An appropriate final judgment shall issue.

This the 24th day of April, 1995.